UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE WHITE and
KIMBERLY WHITE,

       Plaintiffs,                        CIVIL ACTION NO. 10-CV-12604

vs.

                                        DISTRICT JUDGE STEPHEN J. MURPHY, III

MORTGAGE ELECTRONIC        MAGISTRATE JUDGE MONA K. MAJZOUB
REGISTRATION SYSTEMS,
INC.,
       Defendant.
_____/

REPORT AND RECOMMENDATION

I.      **RECOMMENDATION:** Defendant's Motion for Summary Judgment/Dismissal (docket no. 12) should be **GRANTED**.

Plaintiffs' Motion for Summary Judgment (docket no. 16) should be DENIED.

II.     **REPORT**:

This matter comes before the Court on cross-motions for summary judgment. Defendant filed its motion on November 2, 2010 (docket no. 12), and Plaintiffs filed their motion on December 7, 2010 (docket no. 16). The motions are fully briefed. This case has been referred to the undersigned for all pretrial proceedings. (Docket no. 17). The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(f). The motions are now ready for ruling.

A.      **Factual Background and Claims**

Plaintiffs Jesse and Kimberly White filed this *pro se* "Writ of Habeas Corpus" action on July 1, 2010 for the purpose of challenging an eviction proceeding that was initiated following

foreclosure of property located at 1293 18th street in Detroit, Michigan. On April 23, 2003 Plaintiffs executed a mortgage note in favor of New Freedom Mortgage Corporation in the amount of $70,478 for property located at 1293 18th street in Detroit, Michigan. (Docket no. 12, ex. A). Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") alleges that New Freedom Mortgage Corporation appointed Defendant as nominee and Plaintiffs granted Defendant a mortgage in the Detroit property. (Docket no. 12). Defendant contends that the mortgage was duly recorded and service of the note was transferred from New Freedom Mortgage Corporation to Wells Fargo Home Mortgage on May 13, 2003. (Docket no. 12). Defendant claims that Plaintiffs made their last payment to Wells Fargo on or about September 1, 2003. (Docket no. 12). After Plaintiffs defaulted on the mortgage, Wells Fargo referred the loan to Trott & Trott to initiate foreclosure proceedings. (Docket no. 12, ex. B). Plaintiffs were notified that foreclosure proceedings were being instituted against the property as a result of the outstanding mortgage debt of $74,012.37. (Docket no. 12, ex. B). A sheriff's sale occurred on June 9, 2004, at which Defendant was the successful bidder. (Docket no. 12, ex. B). The six-month redemption period expired on December 9, 2004 and on January 18, 2005 a judgment of possession was granted to Defendant. (Docket no. 22, ex. 15 at 3). Following a hearing on July 21, 2006, the 36th District Court of Wayne County, Michigan issued a writ of restitution. (Docket no. 22, ex. 15).

  Plaintiffs have filed numerous prior actions in both state and federal court concerning this disputed property and the foreclosure and eviction proceedings related to it. Plaintiffs first filed an action in Wayne County, Michigan, Circuit Court against Wells Fargo Home Mortgage Company and Trott & Trott on December 6, 2004, alleging that the mortgage contract was unenforceable and the foreclosure proceeding fraudulent. (Docket no. 12, ex. C ). Defendant contends that the court

granted summary disposition in favor of defendants and dismissed the complaint with prejudice. (Docket no. 12 at 3).

Plaintiffs next filed an action in federal court against MERS, challenging MERS' authority to foreclose on the mortgage. (Docket no. 12, ex. D (Case No. 05-40018, E.D. Mich.)). The Honorable Judge Gadola dismissed the complaint for insufficiency of the service of process on May 3, 2006. (Docket no. 12, ex. D). Plaintiffs then filed a motion for stay of judgment, asking the federal court to stay a judgment entered in the 36th District Court in Wayne County, Michigan. (Docket no. 12, ex. E). The court denied Plaintiffs' motion on July 19, 2006. (Docket no. 12, ex. E). Plaintiffs filed a motion for reconsideration of the order denying their motion for stay of judgment and the court denied that motion on July 28, 2006. (Docket no. 12, ex. F).

On May 17, 2006, while Plaintiffs' prior action was still pending before Judge Gadola, Plaintiffs filed a second lawsuit in federal court against MERS. (Docket no. 12, ex. G (Case No. 06-12247, E.D. Mich.)). Plaintiffs alleged *inter alia* that MERS obtained the Detroit property through fraud and denied them their due process rights in state court. (Case No. 06-12247, docket no. 1 at 6). On November 7, 2006 the court entered a stipulated order dismissing Plaintiffs' complaint with prejudice. (Docket no. 12, ex. G).

Plaintiffs thereafter continued litigating this matter in state court. On July 21, 2006 Plaintiffs filed an appeal in the Wayne County Circuit Court seeking reversal of a judgment of the 36th District Court. (Docket no. 12, ex. I). The court dismissed the case on September 18, 2006 for failure to file a transcript in accordance with the scheduling order. (Docket no. 12, exs. H-I). Plaintiffs then filed an appeal of the dismissal order which the Michigan Court of Appeals dismissed for lack of jurisdiction. (Docket no. 12, Ex. J). Plaintiffs later filed a second appeal of the dismissal

3

order which was also denied. (Docket no. 12, ex. K).

On January 3, 2007 Plaintiffs filed a third federal lawsuit against MERS, this time alleging that MERS violated state statutes and used deceptive practices including fraud to obtain the Detroit property. (Case No. 07-10074, E.D. Mich.). On October 24, 2008 the court granted summary judgment in favor of MERS based on res judicata and dismissed Plaintiffs' complaint. (Case No. 07-10074, docket no. 49).

In the instant "Writ of Habeas Corpus," Plaintiffs' fourth federal lawsuit against MERS, Plaintiffs challenge the eviction proceeding that followed the foreclosure of the Detroit property. Plaintiffs allege that their Sixth Amendment right to confrontation was violated in Case No. 04-338829, 36th District Court because their "accuser," MERS, was not present at the July 21, 2006 hearing and did not present evidence for Plaintiffs to oppose. (Docket nos. 1, 13). Plaintiffs allege that their writ "deals with whether the confrontation clause is applicable in civil matters such as eviction hearings." (Docket no. 1 at 3). Plaintiffs seek ten million dollars in damages to compensate them for the loss of their home, furnishings, pets, and their mental anguish and time in defending against the loss of the Detroit property. (Docket no. 1).

**B.    Standard**

Defendant moves for dismissal or summary judgment pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56. When determining a motion under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007). If "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment

under Rule 56." Fed.R.Civ.P. 12(d).

Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty Sch. Sys.*, 205 F.3d 912, 915 (6th Cir.2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**C.     Analysis**

Defendant moves for dismissal on the grounds that Plaintiffs' claims are barred by the Rooker-Feldman doctrine and res judicata. (Docket no. 12). Since the Rooker-Feldman doctrine presents a jurisdictional bar, the Court will first address whether that doctrine is applicable to Plaintiffs' claims. *See Hutcherson v. Lauderdale Cnty, Tenn.*, 326 F.3d 747, 755 (6th Cir.2003) (the Rooker-Feldman doctrine should be considered before res judicata "since its application strips federal courts of jurisdiction and the ability to hear a res judicata, or other affirmative, defense.").

Under the Rooker-Feldman doctrine federal district courts lack jurisdiction to review the final judgments of state courts. *Id.* The doctrine applies only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Coles v. Granville*, 448 F.3d

853, 857-58 (6th Cir.2006). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Pieper v. Am. Arbitration Ass'n, Inc.*, 336 F.3d 458, 460 (6th Cir.2003) (citation and internal quotation marks omitted).

Plaintiffs contend that they are not seeking review of a state court judgment but rather seek only to have the Court determine that Defendant's absence from the eviction hearing was constitutionally infirm. (Docket nos. 1, 16). They also argue that the Rooker-Feldman doctrine does not apply to habeas corpus proceedings. Whether or not the Rooker-Feldman doctrine strips this Court of jurisdiction to hear Plaintiffs' claims is not dependent upon the label Plaintiffs attach to their complaint. Plaintiffs' claims are clearly not appropriate matters for habeas corpus relief. Thus, their contention that the Rooker-Feldman doctrine does not apply to their "writ of habeas corpus" is clearly without merit.

The crux of Plaintiffs' claims is that their Sixth Amendment right to confront witnesses was violated during the eviction proceedings held in 36th District Court. Plaintiffs state that they questioned the state court judge as to why there were no witnesses present at the eviction hearing and were told that "this is not that type of proceeding." (Docket no. 1 at 1). They contend that Trott & Trott was not authorized to present documents to the 36th District Court on MERS' behalf. (Docket no. 1 at 3). They further claim that there is no basis upon which the state court could have ruled in Defendant's favor. (Docket no. 1 at 1).

Despite their assertions otherwise, this proceeding is an impermissible attack on proceedings held in the 36th District Court and on the state court writ of restitution. The net effect of upholding the "writ of habeas corpus" will be to deny Defendant rights that were granted by the state court.

6

Defendant is entitled to summary judgment under the Rooker-Feldman doctrine. Accordingly, Defendant's Motion for Summary Judgment (docket no. 12) should be granted. Given this recommendation, Plaintiffs' Motion for Summary Judgment (docket no. 16) should be denied.

Next, Defendant requests a permanent injunction enjoining Plaintiffs from filing any further action in this or any other court regarding the mortgage and foreclosure at issue. They also move for sanctions in the form of costs and attorneys' fees incurred in the defense of this matter.

The Sixth Circuit has held that courts may not absolutely foreclose a person from initiating an action in federal court, but may impose prefiling restrictions on individuals with a history of repetitive, frivolous, or vexatious litigation. *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir.1996); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir.1998). "The proper method for handling the complaints of prolific litigants . . . is an order requiring leave of court before the plaintiff files any further complaints against defendant." *Meier v. Green*, No. 07-11410, 2009 WL 388040, at *8 (E.D. Mich. Feb. 13, 2009).

There is no doubt that Plaintiffs have filed multiple lawsuits challenging the foreclosure of the Detroit property and subsequent eviction. Therefore, if the Court were to conclude that Plaintiffs should be enjoined from filing future lawsuits on these matters, it should enter an order permanently enjoining them from filing any civil lawsuit in this jurisdiction alleging or asserting factual or legal claims against Defendant or any other party related to the foreclosure and subsequent eviction from property located at 1293 18th street in Detroit, Michigan without first obtaining prior approval of the Chief Judge of the United States District Court for the Eastern District of Michigan. *Id*. That being said, on April 21, 2011 the Michigan Court of Appeals held that MERS does not have the authority to foreclose a mortgage by advertisement under Mich. Comp. Laws § 600.3204(d)(1) and

7

instead must proceed by judicial foreclosure. *Residential Funding Co, LLC v. Saurman*, No. 290248, 291443, 2011 WL 1516819 (Mich. Ct. App. April 21, 2011). The court concluded that MERS' inability to comply with the statutory requirements for foreclosure by advertisement rendered the foreclosure proceedings in that case void *ab initio*. *Id.* Because it is not known what relief if any *Residential Funding Co.* may afford Plaintiffs, this Court recommends that Defendant's request for a permanent injunction be denied.

Finally, as to Defendant's request for costs and attorneys' fees, the Court recommends that Defendant's request be denied. Defendant does not set forth the specific rule authorizing costs and attorneys' fees in this action. Local Rule 54.1.2 requires that any motion for attorneys' fees be supported by a brief setting forth the authority of the court to make such an award and "an affidavit of counsel setting out in detail the number of hours spent on each aspect of the case, the rate customarily charged by counsel for such work, the prevailing rate charged in the community for similar services, and any other factors which the court should consider in making the award." E.D. Mich. L.R. 54.1.2. *See also* Fed.R.Civ.P. 54(d)(2). As Defendant has failed to comply with the local rule, the Court should deny its request for costs and attorneys' fees.

## III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will

not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: April 29, 2011    s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Jesse and Kimberly White and Counsel of Record on this date.

Dated: April 29, 2011    s/ Lisa C. Bartlett
Case Manager