UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE and KIMBERLY WHITE,

    Plaintiffs,

v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS,

    Defendant.
_____/

Case No. 10-cv-12604

HONORABLE STEPHEN J. MURPHY, III

**ORDER ADOPTING REPORT AND RECOMMENDATION** (docket no. 27), **GRANTING MOTION FOR SUMMARY JUDGMENT AND DISMISSAL** (docket no. 12), **DENYING MOTION FOR SUMMARY JUDGMENT** (docket no. 16), **AND DISMISSING CASE**

    Jesse and Kimberly White took out a mortgage on their house in 2003, which was subsequently foreclosed upon after they defaulted on the mortgage. Mortgage Electronic Registration Systems, Inc. ("MERS"), the nominee for the Whites' lender, initiated foreclosure proceedings in 2004 and obtained a writ of restitution at a hearing in 2006. The Whites challenged the foreclosure and eviction proceedings in multiple state and federal lawsuits. All prior actions were dismissed. In this suit, their fourth filed against MERS in this Court, the Whites asked for a writ of habeas corpus to cure a violation of their Sixth Amendment right to confrontation, because MERS was not present at the 2006 eviction hearing and did not present evidence for them to oppose. The Court referred the matter to a magistrate judge for pretrial proceedings. On cross-motions for summary judgment, the magistrate judge issued a Report and Recommendation ("Report") suggesting that the Court deny the Whites' motion for summary judgment, grant defendant's motion for dismissal and summary judgment, and deny MERS's requests for costs and attorneys' fees and for a permanent injunction enjoining the Whites from further litigating the foreclosure

and eviction issues. The Whites filed timely objections to the Report pursuant to Civil Rule 72(b). The Court will adopt the Report and dismiss the Whites' complaint.

## STANDARD OF REVIEW

Civil Rule 72(b) governs review of a magistrate judge's report and recommendation. De novo review of the magistrate judge's findings is required only if the parties timely serve and file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2)-(3). The district judge, however, may review any other portion of the magistrate judge's report and recommendations of his own initiative, since the district judge always retains jurisdiction over the case after referral. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985). The Whites filed a timely objection to the magistrate judge's recommendation to dismiss the case, which the Court reviews de novo. Neither party objected to the other findings of the Report. Having reviewed the Report in its entirety, the Court concurs in the magistrate judge's analysis, and adopts her reasoning and findings.

## DISCUSSION

I.  Application of *Rooker-Feldman* Doctrine

MERS moved for dismissal and summary judgment, arguing that the *Rooker-Feldman* doctrine deprives this Court of jurisdiction over the Whites' claims. The doctrine only applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *Exxon* requires that the "source of the injury" stem from the state court judgment and not some independent claim. *Kovacic v. Cuyahoga County Dep't of Children & Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010) (quoting *McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006)). While injuries pre-existing

2

state court judgments, *see id.* at 310, or arising from third-party actions are outside the doctrine's application, *see Brown v. First Nationwide Mortg. Corp.*, 206 F. App'x 436, 440 (6th Cir. 2006) (holding doctrine was inapplicable to injuries resulting from defendant's allegedly fraudulent conduct), it bars state court losers from suing in federal court for injuries founded in the state court's disposition of a case.  *See McCormick*, 451 F.3d at 395-96 (dismissing complaint that the a state court order violated plaintiff's due process rights); *Pieper v. Am. Arbitration Ass'n, Inc.*, 336 F.3d 458, 460-61 (6th Cir. 2003) (dismissing complaint that state court order compelling arbitration violated plaintiff's right to a jury trial).  If the *Rooker-Feldman* doctrine applies to a case, it deprives the federal district court of subject-matter jurisdiction.  *McCormick*, 451 F.3d at 395.

The *Rooker-Feldman* doctrine applies to this case and requires its dismissal.  As the Whites acknowledge, this is not a habeas case, notwithstanding its form. Counter Rep. to Report 2, June 10, 2011, ECF No. 30.  The Whites' argument depends on their objection that they are merely challenging MERS's absence from the eviction hearing rather than the state court judgment.  Objection to Report 1, May 13, 2011, ECF No. 28.  Although couched in constitutional terms, their alleged injury is founded in the state court's unfavorable handling of the eviction proceeding. *See* Compl. 1; Objection to Report at 2. Unlike the claimed injury in *Brown*, the supposed Sixth Amendment violation the Whites allege in their complaint did not arise from the defendant's conduct, fraudulent or otherwise (nor could it have, since MERS is not a state actor).  Therefore, the Whites may not seek review of the state court judgments that were rendered against them long before this case commenced.

II.     Impact of *Residential Funding* on This Case

The Whites also object that *Residential Funding Co. v. Saurman*, --- Mich. App. ---, 2011 WL 1516819 (April 21, 2011), prevents the application of the *Rooker-Feldman* doctrine. Objection to Report at 3 (docket no. 28). They claim that MERS illegally foreclosed by advertisement against them, which *Residential Funding* prohibits. Objection to Report at 4 (docket no. 28).

The objection carries no weight. The Whites' argument would require this Court to review the state court's judgments in the foreclosure and eviction hearings that MERS was legally entitled to a writ of restitution. Even if the state court improperly granted the writ, this Court does not have jurisdiction to determine whether a state court correctly interpreted and applied state law. *See ADSA, Inc. v. Ohio*, 176 F. App'x 640, 644 (6th Cir. 2006) (holding *Rooker-Feldman* barred suits alleging improper application of state law); *Pieper*, 336 F.3d at 460 (distinguishing between permissible complaints about general laws and impermissible challenges to their particular application by a state court).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Report of the magistrate judge (docket no. 27) is **ADOPTED**, and White's objection to the Report (docket no. 28) is **OVERRULED**.

**IT IS FURTHER ORDERED** that MERS's motion for dismissal and summary judgment (docket no. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Whites' motion for summary judgment (docket no. 16) is **DENIED.**

4

**SO ORDERED.**

                                         s/Stephen J. Murphy, III
                                         STEPHEN J. MURPHY, III
                                         United States District Judge

Dated: July 25, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 25, 2011, by electronic and/or ordinary mail.

                                         Carol Cohron
                                         Case Manager